**Opinion filed June 25, 2009**



In The

# Eleventh Court of Appeals

––––––––

## No. 11-08-00310-CR

––––––––

## SAMMIE LOTT A/K/A SAMMIE SMITH, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16624B**

### M E M O R A N D U M   O P I N I O N

The trial court convicted Sammie Lott a/k/a Sammie Smith, upon her plea of guilty, of possession of one gram or more but less than four grams of cocaine. The trial court found the enhancement allegation to be true and assessed her punishment at confinement for twelve years. We affirm.

*Background*

Appellant was indicted in September 2007. In December 2007, counsel was appointed to represent her. The case was originally set for jury trial in February 2008. The trial court reset the

case for a jury trial in April 2008 and then in June 2008. Finally, the case was set for a jury trial in September 2008.

In July 2008, appellant waived her right to a jury trial and decided to enter a plea of guilty. On July 14, 2008, a hearing was conducted on her motion to allow her court-appointed counsel to withdraw. Counsel stated that he was making the oral motion to withdraw because of the "degradation of the attorney-client relationship" and that he had been informed by appellant and her family that they did not think he had her best interest at heart. Counsel further stated that he had been told that the family had arranged to hire another attorney. Appellant testified that her current counsel had not provided her with a copy of her search warrant, that she did not have good communications with her counsel, and that she "had been studying to help defend" her case. Appellant did not offer testimony concerning whether she had made arrangements to hire counsel.

The trial court denied the motion, and appellant then entered her plea of guilty in open court. She requested that she be placed on community supervision and waived her right to appeal as to guilt. The trial court admonished appellant both in writing and in open court. The trial court then ordered a presentence investigation report and set the hearing as to punishment for September 2008.

When the case was called for the disposition hearing on September 25, 2008, appellant failed to appear. Her bond was forfeited, and the case was reset for October 8, 2008. A hearing was conducted, but the case was then again reset for November 2008.

On November 20, 2008, the disposition hearing was held. After hearing appellant's testimony and the argument of counsel, the trial court found appellant guilty and imposed the sentence.

*Sole Issue on Appeal*

Appellant contends that she has a constitutional right to be represented by the attorney of her choice and that the trial court denied this right when it denied her motion to allow her to change attorneys at the July hearing on her plea of guilty. The State argues that her waiver of her right to appeal prevents her from raising this issue on appeal. The State further argues that there is no absolute right to counsel of choice.

2

*Right to Appeal*

To the extent that appellant is challenging the trial court's actions prior to the determination of her guilt, she has waived the right to complain. To the extent that she is challenging her right to counsel concerning the punishment phase of trial, we will address her complaint in the interest of justice.

*Right to Counsel*

As appellant notes, the Sixth Amendment provides criminal defendants with the right to effective representation by counsel. *Wheat v. United States*, 486 U.S. 153, 158-59 (1988); *Strickland v. Washington*, 466 U.S. 668, 689 (1984). However, this is not an absolute right. *Wheat*, 486 U.S. at 158-59; *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003). This right must be exercised in a proper manner so as not to frustrate or delay the trial proceedings. *Dunn v. State*, 819 S.W.2d 510, 519 (Tex. Crim. App. 1991).

To the extent that appellant's complaint is properly before this court, we find that the record does not support her argument that reversible error has occurred. Appellant presented no evidence that she had secured the assistance of retained counsel, and the record reflects that no one other than her appointed counsel was present in court. Appellant has not established that the trial court erred. The issue is overruled.

*Holding*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


June 25, 2009

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3